USDC SCAN INDEX SHEET










```
JAH     3/2/04    12:10
3:03-CR-03433    USA V. MOHAMED
*18*
*CRMEMSUP.*
```

Law Office of Mahir T. Sherif
MAHIR T. SHERIF, Esq. (SB# 135021)
3376 30th Street
San Diego, CA  92104
Ph: 619-297-4444
Fx: 619-297-4115

Attorney for Defendant, Omar Abdi Mohamed



FILED

FEB 27 2004

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                           DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> OMAR ABDI MOHAMED, <br><br> Defendant | Case No.: **03-CR-3433-JAH** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF:** <br> 1) **MOTION FOR DISCLOSURE OF EVIDENCE, DOCUMENTS AND THINGS; AND** <br> 2) **LEAVE TO FILE FURTHER MOTIONS** <br><br> Judge: Honorable John A. Houston <br> Courtroom: F <br> Date: <br> Time: |

### REQUEST FOR DISCLOSURE OF EVIDENCE, DOCUMENTS AND THINGS

Defendant, Omar Abdi Mohamed, by and through his attorney of record, Mahir T. Sherif, respectfully moves the Court for an order requiring the government to comply with the following discovery requests:

1. STATEMENTS: Any and all written and oral statements made by Defendant. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents and tapes in which statements of Defendant are contained. FRCP 16(a)(1)(A); Brady v. Maryland.

2. DOCUMENTS, STATEMENTS, REPORTS, TANGIBLE EVIDENCE: Any and all documents, statements, agents' reports, and tangible evidence favorable to the

defendant on the issue of guilt or which affects the credibility of the Government's case. Brady v. Maryland and United States v. Agurs, 96 S.Ct. 2392 (1976).

3. PRIOR RECORD AND OTHER ACT EVIDENCE: Any and all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. FRCP 16(a)(1)(B); FRCP 16(a)(1)(C); FRE 404(b) and 609.

4. SEIZED EVIDENCE: Any and all evidence seized as a result of any search, either warrantless or with a warrant, in this case. FRCP 16(a)(1)(C).

5. AGENT'S REPORTS, NOTES, MEMOS: Any and all arrest reports, investigator's notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to Defendant. FRCP 16(a)(1)(B) and (C); FRCP 26.2 and 12(i). This request in meant to include affidavits in support of search warrants and the lists of items seized in the execution of any search warrant. In addition, any witness interview notes that could be considered to be statements attributable to the witness are requested. Goldberg v. United States, 96 S.Ct. 1338 (1976).

6. OTHER DOCUMENTS AND TANGIBLE OBJECTS: Any and all other documents and tangible objects, including photographs, books, papers, documents, or copies or portions thereof which are material to Defendant's defense or intended for use in the Government's case-in-chief or were obtained from or belong to Defendant. Specifically, requested also are all documents, items and other information seized pursuant to any search. Brady v Maryland; FRCP 16(a)(1)(C).

7. BIAS OF GOVERNMENT WITNESESS: Any and all evidence that any prospective government witness is biased or prejudiced against the Defendant or has a motive to falsify or distort his/her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

8. PRIOR RECORD AND OTHER ACTS OF GOVERNMENT WITNESSES: Any and all evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. FRE 608(b); Brady v. Maryland.

9. INVESTIGATION OF WITNESSES. Any and all evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal or official misconduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), 474 U.S. 945 (1985).

10. EVIDENCE REGARDING ABILITY TO TESTIFY: Any and all evidence, including any medical or psychiatric reports or evaluations, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980); United States v. Butler, 567 F.2d 885 (9th Cir. 1978).

11. PERSONNEL FILES: It is requested that the government review each agent's personnel file for review for information requested in paragraphs (7) – (10) above and determine whether there is any impeaching information contained in the files. See United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

12. GOVERNMENT WITNESSES: The name and last known address of each prospective government witness. United States v. Neap, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979).

13. OTHER WITNESSES: The name and last known address of every witness to the alleged offenses, or any acts committed in furtherance thereof, who will not be called as a government witness. United States v. Cadet, 727 F.2d 1469 (9th Cir. 1984).

14. FAVORABLE TESTIMONY: The name of any witness who made an arguably favorable statement concerning Defendant. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); James v. Jag, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975).

15. SPECIFIC INQUIRIES OF AGENTS: It is requested that the government make specific inquiry of each government agent connected to the case for the information

1  required in paragraphs "12" through "14" of this request. <u>United States v. Jackson</u>, 780 F.2d
2  1305 (6th Cir. 1986); <u>United States v. Butler</u>, 567 F.2d 885, 889 (9th Cir. 1978).

3       16.   EXPERTS/RESUMES: The curriculum vitae of any and all experts the
4  government intends to call at trial, including any and all books, treatises or other papers
5  written by the expert which is relevant to the testimony.

6       17.   EXPERT'S REPORTS AND SUMMARIES: Production of any and all reports
7  of any examination or tests. FRCP16(a)(1)(D). Additionally, it is requested that the
8  government disclose a written summary of testimony the government intends to use under
9  FRE 702, 703 or 705. As required by Rule 16(a)(1)(E), the summaries must describe the
10 witnesses' opinions, the bases and the reasons therefor and the witnesses' qualifications.
11 FRCP 16(a)(1)(E).

12      18.   CONFIDENTIAL INFORMANT(S) AND RELATED INFORMATION: It is
13 requested that the government reveal the identity of any and all confidential informants who
14 were percipient witnesses to the charges in this case and information regarding any promises
15 made to the Confidential Informant and the information provided by the Confidential
16 Informant. FRCP 16, <u>United States v. Anderson</u>, 509 F.2d 724 (9th Cir. 1974), <u>United States
17 v. Giglio</u>, 92 S.Ct. 763 (1972), <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Napue v. Illinois</u>,
18 79 S.Ct. 1173 (1959),

19      19.   PROMISES MADE TO OR WITH GOVERNMENT WITNESSES: Any and
20 all promises of consideration given to witnesses. <u>Giglio v. United States</u>, 405 U.S. 150
21 (1972); <u>United States v. Shaffer</u>, 789 F.2d 682 (9th Cir. 1986).

22      20.   MINUTES OF GRAND JURY PROCEEDINGS: Production of the minutes of
23 the grand jury proceedings is requested in order to determine whether there has been
24 compliance with Rule 6 with regard to attendance and the number of grand jurors voting on
25 this indictment. FRCP 6(b)-(d).

26      21.   GRAND JURY TRANSCRIPTS. All and all grand jury transcripts. FRCP
27 Rule 6(e)(3)(C), <u>United States v. Bennett</u>, 702 F.2d 833, 836 (9th Cir. 1983), <u>United States v.
28 DeTar</u>, 832 F.2d 1110, 1113 (9th Cir. 1987).

22.   DEFENDANT'S ALIEN ("A") FILE: Any and all documents or things contained in the Defendant's "A" file.

23.   ALL IMMIGRATION FILINGS AND DOCUMENTS: Specifically, Defendant requests, though not limited to, Defendant's Form I-213-Record of Deportable Alien, Form I-326- Prosecution Report, and I-214- Miranda Rights and Waiver Form.

24.   STATEMENTS BY GOVERNMENT OF REFUSAL TO PROVIDE: If the Government has any of the above-requested items or the items required by the rules, law, or court order, but refuses to provide them to the defense, Defendant requests a statement as to the existence of the items and the refusal to provide them.

25.   LEAVE TO REQUEST FURTHER DOCUMENTS, EVIDENCE AND THINGS: Defendant requests leave to request additional documents, evidence and things.

## LEAVE TO FILE FURTHER MOTIONS

Defendant respectfully requests leave to file further motions.

Dated: February 27th 2004.             Respectfully Submitted,

                                       By: _____
                                       Mahir T. Sherif
                                       Attorney for Defendant