















R1R     3/26/04     13:39
3:03-CR-3433 USA V. MOHAMED
*39*
*CRINDISPS*

```
FILED

MAR 2 6 2004

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY              DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2003 Grand Jury

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 03CR3433JAH |
| Plaintiff, | ) ) | I N D I C T M E N T |
| v. | ) ) ) | **(Superseding)** |
| OMAR ABDI MOHAMED, | ) ) ) | Title 18, U.S.C., Sec. 1546(a) - False Statement in Connection With Immigration Application; |
| Defendant. | ) ) ) ) ) ) | Title 18, U.S.C., Sec. 1015(a) - False Statement in Matter Relating to Naturalization; Title 18, U.S.C., Sec. 1546 - Possession of Entry Documents Obtained by Fraud |

The grand jury charges:

INTRODUCTORY ALLEGATIONS

1.    Defendant OMAR ABDI MOHAMED is a citizen of Somalia who emigrated to the United States on a Special Religious Worker's Visa and obtained lawful permanent resident status on July 8, 1995.

2.    On April 11, 2000, defendant OMAR ABDI MOHAMED submitted INS Form N-400 (Application for Naturalization) to the Immigration and Naturalization Service in support of his request for United States naturalization.

//

JNP:nlv:San Diego
3/25/04

39

3.   On   December   14,   2001,   the   United   States   Treasury Department's Office of Foreign Assets Control issued an order freezing the assets of the Global Relief Foundation, a charity based in Bridgeview, Illinois.

4.   On March 11, 2002, the United States Treasury Department's Office of Foreign Assets Control designated the Bosnian and Somalian branches of the Al-Haramain Foundation a Specially Designated Global Terrorist.

5.   On May 9, 2002, defendant OMAR ABDI MOHAMED was interviewed under oath by Immigration and Customs Enforcement (ICE) District Adjudications Officer Kirt Klingerman and Senior Special Agent Steven Schultz pursuant to his naturalization request.

6.   On October 18, 2002, the Office of Foreign Assets Control designated the Global Relief Foundation a Specially Designated Global Terrorist.

7.   Between at least August 1994 and continuing through January 2004, defendant OMAR ABDI MOHAMED received a monthly salary from the Kingdom of Saudi Arabia, Ministry of Islamic Affairs, Endowments, Da'wah, and Guidance in amounts up to $1750.00.

<u>Count 1</u>

On or about May 9, 2002, in the Southern District of California, defendant OMAR ABDI MOHAMED, did knowingly make material false statements under oath to Immigration and Customs Enforcement (ICE) Senior Special Agent Steven Schultz in connection with an application required under the immigration laws, and regulations prescribed thereunder, to wit, an application for naturalization [Form N-400], in that he claimed that the Western Somali Relief Agency was an entity in name only, that it never received funds, and that the entity had

insufficient funds to send two boxes of blankets to Somalia; which the defendant then and there knew was false, in that, in truth and in fact, between December 1998 and May 2001, the Western Somali Relief Agency received $326,838 from the Global Relief Foundation and $5,000 from the Al-Haramain Foundation; in violation of Title 18, United States Code, Section 1546(a).

### Count 2

On or about May 9, 2002, within the Southern District of California, defendant OMAR ABDI MOHAMED did knowingly make false statements under oath in a proceeding and matter relating to naturalization to Immigration and Customs Enforcement (ICE) Senior Special Agent Steven Schultz in that he claimed that the Western Somali Relief Agency was an entity in name only, that it never received funds, and that the entity had insufficient funds to send two boxes of blankets to Somalia; which the defendant then and there knew was false, in that, in truth and in fact, between December 1998 and May 2001, the Western Somali Relief Agency received $326,838 from the Global Relief Foundation and $5,000 from the Al-Haramain Foundation; in violation of Title 18, United States Code, Section 1015(a).

### Count 3

On or about May 9, 2002, in the Southern District of California, defendant OMAR ABDI MOHAMED, did knowingly make material false statements under oath to Immigration and Customs Enforcement (ICE) Senior Special Agent Steven Schultz in connection with an application required under the immigration laws, and regulations prescribed thereunder, to wit, an application for naturalization [Form N-400], in that, when asked about his employment history, defendant OMAR ABDI MOHAMED claimed that he was only employed by Say San Diego, San Diego

3

1   City School District, and Masjidul Taqwa; which the defendant then and
2   there knew was false, in that, in truth and in fact, between March
3   1994 and January 2004, defendant OMAR ABDI MOHAMED was also employed
4   by the Kingdom of Saudi Arabia, Ministry of Islamic Affairs,
5   Endowments, Da'wah, and Guidance; in violation of Title 18, United
6   States Code, Section 1546(a).

7                                Count 4

8       On or about May 9, 2002, in the Southern District of California,
9   defendant OMAR ABDI MOHAMED did knowingly make false statements under
10  oath in a proceeding and matter relating to naturalization to
11  Immigration and Customs Enforcement (ICE) Senior Special Agent Steven
12  Schultz in that, when asked about his employment history, defendant
13  OMAR ABDI MOHAMED claimed that he was only employed by Say San Diego,
14  San Diego City School District, and Masjidul Taqwa; which the
15  defendant then and there knew was false, in that, in truth and in
16  fact, between March 1994 and January 2004, defendant OMAR ABDI MOHAMED
17  was also employed by the Kingdom of Saudi Arabia, Ministry of Islamic
18  Affairs, Endowments, Da'wah, and Guidance; in violation of Title 18,
19  United States Code, Section 1015(a).

20                               Count 5

21      On or about May 9, 2002, in the Southern District of California,
22  defendant OMAR ABDI MOHAMED, did knowingly make material false
23  statements under oath to Immigration and Customs Enforcement (ICE)
24  Senior Special Agent Steven Schultz in connection with an application
25  required under the immigration laws, and regulations prescribed
26  thereunder, to wit, an application for naturalization [Form N-400],
27  in that when asked about his employment history, defendant OMAR ABDI
28  MOHAMED claimed that he was employed by Masjidul Taqwa from August

                                   4

1  1995 through February 1997; which the defendant then and there knew
2  was false, in that, in truth and in fact, defendant OMAR ABDI MOHAMED
3  was never employed by Masjidul Taqwa; in violation of Title 18, United
4  States Code, Section 1546(a).

5                                   Count 6

6      On or about May 9, 2002, within the Southern District of
7  California, defendant OMAR ABDI MOHAMED did knowingly make false
8  statements under oath in a proceeding and matter relating to
9  naturalization to Immigration and Customs Enforcement (ICE) Senior
10 Special Agent Steven Schultz in that, when asked about his employment
11 history, defendant OMAR ABDI MOHAMED claimed that he was employed by
12 Masjidul Taqwa from August 1995 through February 1997; which the
13 defendant then and there knew was false, in that, in truth and in
14 fact, defendant OMAR ABDI MOHAMED was never employed by Masjidul
15 Taqwa; in violation of Title 18, United States Code, Section 1015(a).

16                                  Count 7

17     .  On or about May 9, 2002, in the Southern District of California,
18 defendant OMAR ABDI MOHAMED, did knowingly make material false
19 statements under oath to Immigration and Customs Enforcement (ICE)
20 Senior Special Agent Steven Schultz in connection with an application
21 required under the immigration laws, and regulations prescribed
22 thereunder, to wit, an application for naturalization [Form N-400],
23 in that when asked about his children, defendant OMAR ABDI MOHAMED
24 affirmatively indicated that he had seven children; which the
25 defendant then and there knew was false, in that, in truth and in
26 fact, defendant OMAR ABDI MOHAMED had an eighth child, Zuhair Omar
27 Mohamed, born December 19, 2001 to Rosalie Douglas, in New South
28 //

                                     5

1  Wales, Australia; in violation of Title 18, United States Code,
2  Section 1546(a).

### Count 8

4      On or about May 9, 2002, within the Southern District of
5  California, defendant OMAR ABDI MOHAMED did knowingly make false
6  statements under oath in a proceeding and matter relating to
7  naturalization to Immigration and Customs Enforcement (ICE) Senior
8  Special Agent Steven Schultz in that, in that when asked about his
9  children, defendant OMAR ABDI MOHAMED affirmatively indicated that he
10 had seven children; which the defendant then and there knew was false,
11 in that, in truth and in fact, defendant OMAR ABDI MOHAMED had an
12 eighth child, Zuhair Omar Mohamed, born December 19, 2001 to Rosalie
13 Douglas, in New South Wales, Australia; in violation of Title 18,
14 United States Code, Section 1015(a).

### Count 9

16     On or about January 22, 2004, within the Southern District of
17 California, defendant OMAR ABDI MOHAMED knowingly possessed a document
18 prescribed by statute and regulation for entry into and as evidence
19 of authorized stay in the United States, to wit, a Permanent Resident
20 Card (Form I-551), knowing it to have been procured by means of
21 material false claims and statements and fraud; in violation of
22 Title 18, United States Code, Section 1546.

23     DATED: March 26, 2004.

24                                     A TRUE BILL:

25
                                      _____
26 CAROL C. LAM                       Foreperson
   United States Attorney
27
28 By: _____
       JOHN N. PARMLEY
       Assistant U.S. Attorney

                                6