USDC SCAN INDEX SHEET

















JPP   4/1/05   14:24

3:03-CR-03433   USA V. MOHAMED

*153*

*CRV.*

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA )
)
            PLAINTIFF, )               *V E R D I C T*
)
       VS )               CASE NO. 03CR3433-JAH
)
)
)
)
OMAR ABDI MOHAMED )
            DEFENDANT,

**FILED**

**MAR 3 0 2005**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

We the jury in the above entitled cause find the defendant,
as to the offense of:

FALSE STATEMENT IN CONNECTION WITH IMMIGRATION APPLICATION,
as charged in count one                         NoT GUILTY ,

FALSE STATEMENT IN MATTER RELATING TO NATURALIZATION,
as charged in count two                         NoT GUILTY ,

FALSE STATEMENT IN CONNECTION WITH IMMIGRATION APPLICATION,
as charged in count three                       _____ ,

FALSE STATEMENT IN MATTER RELATING TO NATURALIZATION,
as charged in count four                        _____ ,

FALSE STATEMENT IN CONNECTION WITH IMMIGRATION APPLICATION,
as charged in count five                        _____ ,

FALSE STATEMENT IN MATTER RELATING TO NATURALIZATION,
as charged in count six                         _____ ,

FALSE STATEMENT IN CONNECTION WITH IMMIGRATION APPLICATION,
as charged in count seven                       GUILTY ,

FALSE STATEMENT IN MATTER RELATING TO NATURALIZATION,
as charged in count eight                       GUILTY ,

POSSESSION OF PERMANENT RESIDENT CARD OBTAINED BY FRAUD,
as charged in count nine                        _____ ,

Date: 3-30-05
San Diego, California                           Foreperson of the Jury

153

IS THERE A SUMMARY
SHEET OF ALL
THE ~~EEE~~ EVIDENCE ?

IS THERE A SUMMARY
OF TITLE 18 US CODE
1546 a
1015 a
1546

10:40 am
3/29/05

FOR THE RECORDS, YOUR HONER,

I MISSTATED, MY 1st QUESTION YESTERDAY.

I MEANT TO ASK:

IS THERE AN INDEX OR

· OUTLINE OF THE EXHIBITS.

(NO NEED TO ANSWER THIS AT

THIS POINT) Neal P Chg

10:35 am
3/30/05

YOUR HONOR WE HAVE

REACHED A VERDICT ON

4 COUNTS,

WE ARE STALEMATED ON 5

COUNTS. AT WHAT POINT

DO WE DECIDE THAT NO DECISION

CAN BE REACHED ?

12:08 PM
3/30/05

Your Honor.

We Have concluded our

Deliberations.

The Results are the Same.

Neil P Chong

2:54 PM

Document Number: ~~6, 6a~~   13
File Name: omardoc6.wpd
File Number: 315M-SD-62765
Translator (Arabic): Peter E. Shirajian, Language Analyst
Date of Translation: 02/09/04

Kingdom of Saudi Arabia
Ministry of Islamic Affairs, Endowments, Da'wah and Guidance
Da'wah office in America
*601 New Hampshire Ave., N.W. Washington, D.C. 20037. Tel.: (202)
342-3700. Fax: (202) 944-3192. Telex: 440132*

Number: 16/S/16
Date: 24/9/1416 A.H.
Attachments: 1
Subject: (Blank)

Urgent and Confidential Advisory to all Propagators in America,
Canada and countries of the Caribbean Basin

*Peace be on you and the mercy of God and His blessings,*

Please provide us with information about well known personalities
in their respective communities who have converted to Islam,
especially on such figures like well known Christian ministers
and clerics, government ministers, ambassadors, businessmen,
████████ ████████ laureates and intellectuals, and university
instructors, individuals who play an influential role in their
communities and are highly regarded. See the attached form to
fill in the required information. Please address this matter
promptly and provide us with the requested information. May God
guide you.

Peace be on you and the mercy of God and His blessings
Haidar/127

Director of the Da'wah Office in America
(signatory)
Khalid bin Ibrahim Al-Suwaylim


Page 6a

Form To Request Information About Well known Personalities Who
Have Converted To Islam (Form is blank):

1- Full Name prior to conversion to Islam

2- Full Name after conversion to Islam

3- Date of conversion to Islam

1



4- Occupation prior to conversion to Islam

5- Occupation after conversion to Islam

6- Social activities prior to conversion to Islam

7- Social activities after conversion to Islam

8- The impact that his conversion to Islam had on others

9- Current address

10- Other information

Haidar/128

---

**Translator's note:**

**- The Islamic date of 24/9/1416 A.H. corresponds to February 14, 1996 in the Gregorian calendar.**



*Kingdom of Saudi Arabia*
*IFTA Office*
*Washington, D.C.*

المملكة العربية السعودية
وزارة الشئون الإسلامية والأوقاف والدعوة والإرشاد
مكتب الدعوة بأمريكا

601 New Hampshire Ave., N.W., Washington, D.C. 20037 • Telephone: (202) 342-3700 • Fax: (202) 944-3192 • Telex: 440132

الرقم : ٦٦/ص/١٦   التاريخ : ٢٤/٩/١٤١٦هـ   المرفقات : ١............   الموضوع : ....................

## تعميم عاجل وسري
## لجميع الدعاة في امريكا وكندا ودول البحر الكاريبي

السلام عليكم ورحمة الله وبركاته.     اما بعد :

فآمل منكم تزويدنا بمعلومات عن الشخصيات البارزة جداً في مجتمعاتها والتي اعتنقت الإسلام وعلى الأخص من مشاهير القسس والرهبان والوزراء والسفراء ورجال الأعمال والأطباء والمهندسين والأدباء والمفكرين وأساتذة الجامعات ممن لديهم تأثير في مجتمعاتهم ومكانة في دولهم. ويكون ذلك من واقع بنود الاستبيان المرافق لكم . آمل العناية بالموضوع وسرعة موافاتنا بالمطلوب. رعاكم الله.

والسلام عليكم ورحمة الله وبركاته . ،،،،،،،،،

عبر/١٢٧

مدير مكتب الدعوة في امريكا

خالد بن إبراهيم السويلم



بسم الله الرحمن الرحيم

# استمارة طلب معلومات عن الشخصيات البارزة التي اعتنقت الإسلام

١ – الاسم كاملاً قبل الإسلام.

٢ – الاسم كاملاً بعد الإسلام.

٣ – تاريخ اعتناق الإسلام.

٤ – العمل قبل الإسلام.

٥ – العمل بعد الإسلام.

٦ – المناشط قبل الإسلام.

٧ – المناشط بعد الإسلام.

٨ – أثر إسلامه على من حوله.

٩ – عنوانه الحالي.

١٠ – معلومات أخرى.



Document Number: 5, 5a, 5b
File Name: abdidoc5.wpd
Translator (Arabic): Peter E. Shirajian, FBI, San Diego
Date of Translation: 01/23/04

Page 5

The Arabic text indicated on this page reads:

- Kingdom of Saudi Arabia
Ministry of Islamic Affairs, Endowments, Da'wah and Guidance

- The number 21648 is indicated in Arabic under the logo of this
Ministry.

- The name Omar Abdi Mohammad is indicated as well as the word
America.


Page 5a (Form, information filled in the blanks is hand written)

Kingdom of Saudi Arabia
Ministry of Islamic Affairs, Endowments, Da'wah and Guidance
Deputy Directorate for Administrative and Technical Affairs
Financial Administration
Funds Section

Number: 8/3/21648
Date: 24/9/1424 A.H.
Attachments: check + travel
Subject: Salary transfer for Omar Abdi Mohammad

To: Omar Abdi Mohammad/ America

Peace be on you and the mercy of God and His blessings

Enclosed is check number 274314, dated 12/11/2003, in the amount
of $1,750, One Thousand Seven Hundred and Fifty dollars, drawn
from the Al-Rajihi Banking Corporation, for your salary for the
month of Ramadan 1424 A.H.

Please notify us when you receive it by returning the enclosed
form, God bless you.

Peace be on you and the mercy of God and His blessings

Director of Financial Administration
(signatory)
Abdulrahman bin Abdullah Al-Twaijri


Page 5b (Form)

1

This form is blank (i.e. the blank spaces contain no typed or hand written information). The form is a "receipt" bearing the letter head of:

Kingdom of Saudi Arabia
Ministry of Islamic Affairs, Endowments, Da'wah and Guidance
Deputy Directorate for Administrative and Financial Affairs
Financial Administration

A note on the bottom of the form request the recipient to send the form after filling and signing it to the following address:

Kingdom of Saudi Arabia
Ministry of Islamic Affairs, Endowments, Da'wah and Guidance
Financial Administration - Funds Section
Riyadh - Postal Code 11232
Fax: 009661-4772938
     009661-2910426

**Translator's notes:**

**- The Islamic date of 24/9/1424 A.H. corresponds to November 19, 2003 in the Gregorian calendar.**

**- The Islamic month and year of Ramadan 1424 A.H. corresponds to November of 2003 in the Gregorian calendar.**

2



Kingdom of Saudi Arabia
Ministry of Islamic Affairs, Endowments,
Da'wah and Guidance

21648

To: OMAR A. MOHAMMAD.
7245 Waite Dr.
LA MESA, CA, 91941.
USA

Name
1st Notice
2nd Notice
Return

المملكة العربية السعودية

وزارة الشؤون الإسلامية والأوقاف

والدعوة والإرشاد

وكالة الوزارة للشؤون الإدارية والفنية

الإدارة المالية

قسم الصندوق

الرقم : ٨/ش/٨ ٨٣٦٢/ص

التاريخ : ٩/٢٢/٢٢ هـ

المشفوعات :

الموضوع :

المكرم/ ........................................................ سلمه الله

السلام عليكم ورحمة الله وبركاته ... وبعد

تجدون برفقة الشيك رقم ............. بتاريخ ٢/١١/ ٢٠٠ مبلغ ...........

( فقط .................................................................................

والصادر لكم لقاء ........................................................ ١٤هـ

نأمل استلامه وموافاتنا بسند الاستلام بموجب النموذج المرفق بارك الله فيكم .

والسلام عليكم ورحمة الله وبركاته ،،،،

مدير الإدارة المالية



بسم الله الرحمن الرحيم

الرقـــم : ٨ / ٢ /
التـاريخ : / / ١٤هـ
المرفقات : ــــــــــــــ
الموضوع : ــــــــــــــ

المملكة العربية السعودية
وزارة الشؤون الإسلامية والأوقاف والدعوة والإرشاد
وكالة الوزارة للشؤون الإدارية والفنية
الإدارة المالية

## <u>سند استلام</u>

نعم أنا الداعية : ........................................ وأعمل في ....................
أستلمت الشيك رقم : ........................... بتاريخ / /
ويمثل مبلغ وقدره : ........................... لقاء : ...........................
وذلك من : ..................................................................
والمرسل إلي من الوزارة بالخطاب رقم ........................... وتاريخ / /
وعلى ذلك جرى التوقيع .

الإســـم : ...........................
التوقيع : ...........................
التاريخ : ...........................

ملاحظة : ــ

يعـاد هـذا السـند بعـد اسـتكماله وتوقيعـه مـن الداعية أو وكالة ترفق صورة منها إلى
العنوان التالي : ــ

المملكة العربية السعودية
وزارة الشؤون الإسلامية والأوقاف والدعوة الإرشاد
( الإدارة المالية ــ قسم الصندوق )
الرياض ــ الرمز البريدي ( ١١٢٣٢ )
فاكس : ٤٧٧٢٩٣٨-٠٠٩٦٦١
٢٩١٠٤٢٦-٠٠٩٦٦١



Document Number: ~~15~~ 2\
File Name: omardoc15.wpd
File Number: 315M-SD-62765
Translator (Arabic): Peter E. Shirajian, Language Analyst
Date of Translation: 02/10/04

Kingdom of Saudi Arabia
Ministry of Islamic Affairs, Endowments, Da'wah and Guidance
Da'wah office in America
*601 New Hampshire Ave., N.W. Washington, D.C. 20037. Tel.: (202) 342-3700. Fax: (202) 944-3192. Telex: 440132*

Number: 284
Date: 28/6/1416 A.H.
Attachments: (Blank)
Subject: Request for a Report

To Propagator/ Omar Abdo Al-Khatib

Peace be on you and the mercy of God and His blessings,

In reference to our previous correspondence number 318 and dated 3/7/1415 A.H. in which a request was made that a report be prepared about certain parties and communities. We have yet to receive this report as of this date. Due to the urgency of the matter, I am requesting that this report be prepared as soon as possible about the Somali community and the Arab community in Canada and San Diego. The report should cover the following points:

1- A description of the community and its size.
2- A history of the community and its areas of presence.
3- Reason why the community immigrated.
4- The leaders of the community and its well known figures.
5- The religious dogma of the community.
6- The organizational structure of the community.
7- The financial condition of the community.
8- The literacy rate and educational level of the community.
9- The schools and mosques of the community.
10- The organizations established by the community.
11- The organizations that cooperate with the community.
12- The influence that the community has in its locality.
13- Other observations about the community.

Please ensure that the report is accurately written and that it conveys the aforementioned points. May God keep you and guide you. Peace be on you and the mercy of God and His blessings.

Haidar/26

Director of the Da'wah Office in America

1

Khalid bin Ibrahim Al-Suwaylim

---

**Translator's notes:**

- The Islamic date 28/6/1416 A.H. corresponds to November 22, 1995 in the Gregorian calendar.

- The Islamic date 3/7/1415 A.H. corresponds to December 6, 1994 in the Gregorian calendar.

2



Kingdom of Saudi Arabia
IFTA Office
Washington, D.C.

المملكة العربية السعودية
وزارة الشؤون الإسلامية والأوقاف والدعوة والإرشاد
مكتب الدعوة بأمريكا

601 New Hampshire Ave., N.W., Washington, D.C. 20037 • Telephone: (202) 342-3700 • Fax: (202) 944-3192 • Telex: 440132

الرقم : ........... التاريخ : ٢٨/ ٦/ ١٤١٦هـ   المرفقات : ...................   الموضوع : طلب تقرير

المكرم الداعية / محمد عبده الخطيب   حفظه الله

السلام عليكم ورحمة الله وبركاته.   أما بعد :

فإلحاقاً لكتابنا ذي الرقم ٣١٨ والمؤرخ في ١٤١٥/٧/٣هـ بشأن طلب إعداد تقارير

عن بعض الجهات والجاليات ، وحيث أنه حتى تاريخه لم يردنا منكم شئٍ .

ونظراً لأهمية الموضوع فإني أرجو سرعة كتابة تقرير عن :(الجالية الصومالية والجالية العربية بكترا

وسائر ما عنه :   على أن يشتمل التقرير على النقاط التالية :

| | | | |
|---|---|---|---|
| ٢ – نشأتها وأماكن تواجدها. | | ١ – تعريف بالجالية وعددها. |
| ٤ – رؤساؤها وجهازها. | | ٣ – أسباب الهجرة. |
| ٦ – الهيكل التنظيمي للجالية. | | ٥ – منهجهم العقدي. |
| ٨ – ثقافة الجالية وتعليمها. | | ٧ – الوضع المالي للجالية. |
| ١٠ – المنظمات المنبثقة عنهم. | | ٩ – مساجدهم ومدارسهم. |
| ١٢ – تأثيرهم في المنطقة. | | ١١ – المنظمات التي تتعاون معهم. |
| | | ١٣ – الملاحظات على الجالية. |

كما نرجو مراعاة الدقة في كتابة التقرير والتقيد بالعناصر المذكورة أعلاه للأهمية .

والله يحفظكم ويرعاكم .

والسلام عليكم ورحمة الله وبركاته . ،،،،،،،،،،

مدير مكتب الدعوة في أمريكا

خالد بن إبراهيم السويلم



Document Number: 18 24
File Name: omardoc18.wpd
File Number: 315M-SD-62765
Translator (Arabic): Peter E. Shirajian, Language Analyst
Date of Translation: 02/11/04

Kingdom of Saudi Arabia
Ministry of Islamic Affairs, Endowments, Da'wah and Guidance
Da'wah office in America
*601 New Hampshire Ave., N.W. Washington, D.C. 20037. Tel:*
*(202)342-3700. Fax: (202) 944-3192*
*E-mail: ifta@resa.org   www.islamicpage.org   www.islam.org.sa*

To Propagator: Omar Abdo Mohammad

Peace be on you and the mercy of God and His blessings,

Enclosed is a check as a financial award granted by his Royal
Highness Prince Sultan bin Abd al-Aziz Al-Saud, Second Deputy
Prime Minister, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, which he has
authorized for all propagators belonging to this office (Da'wah
office in America). Please provide us with the return receipt
after you receive the check. May God help you and grant you
success. Peace be on you and the mercy of God and His blessings.

Director of the Da'wah Office in America
(signatory)
Khalid bin Ibrahim Al-Suwaylim

Number: 68   Date: 27/1/1421 A.H.   Attachments: Check

─────────────────────────────────────────────────────────

**Translator's note:**

**- The Islamic date 27/1/1421 A.H. corresponds to May 2, 2000 in
the Gregorian calendar.**

1



*Kingdom of Saudi Arabia*
*IFTA Office*
*Washington, D. C.*

المملكة العربية السعودية
وزارة الشؤون الإسلامية والأوقاف والدعوة والإرشاد
مكتب الدعوة بأمريكا

601 New Hampshire Ave., N.W. Washington, D.C. 20037 • Tel: (202) 342-3700 • Fax: (202) 944-3192
E-mail: ifta@resa.org   ▪   www.islamicpage.org   ▪   www.islam.org.sa

فضيلة الداعية : محمد عبده محمد                        وفقه الله

السلام عليكم ورحمة الله وبركاته ... أما بعد :

فتجدون بطيه شيك يمثل المكافأة المصروفة من لدن صاحب السمو الملكي الأمــير ســـلطان
بـــن عبد العزيز آل سعود النائب الثاني لرئيس مجلس الوزراء ووزير الدفاع والطيران الـــتي
وجه حفظه الله بصرفها لعموم الدعاة التابعين لهذا المكتب .

أرجو التكرم بعد استلام الشيك موافاتنا بسند الاستلام .

وفقكم الله وأعانكم والسلام عليكم ورحمة الله وبركاته ،،،

مدير مكتب الدعوة في أمريكا

خالد بن إبراهيم السويلم



الرقم :                ٦٨                التاريخ : ٢٧ / ١ / ١٤٢١ هـ          المشفوعات : شيك

Document Number: II 60
File Name: oamdoc11.wpd
File Number: 315M-SD-62765
Translator: Peter E. Shirajian, Language Analyst
Date of Translation: 02/24/04

Kingdom of Saudi Arabia
Ministry of Islamic Affairs, Endowments, Da'wah and Guidance
Da'wah office in America
*601 New Hampshire Ave., N.W. Washington, D.C. 20037. Tel.: (202) 342-3700. Fax: (202) 944-3192*

To Propagator/ (Blank)

Peace be on you and the mercy of God and His blessings,

Conversion of non-Muslims who are living in non-Muslim countries into the faith takes on critical importance since they are the inhabitants of the land. Among them is the ▉▉▉▉▉, the ▉▉▉▉▉▉▉ and the ▉▉▉▉▉ as well as others. By having theses people convert to Islam, the effort to propagate the faith gains a tremendous boost in the country where this activity is being conducted. This matter has been overlooked in some of the countries where propagation activities have been directed solely to the Muslim inhabitants. Propagators should strive to do their utmost by not limiting their propagation activities to a certain segment of the population or a sect and should conduct their propagation activities by holding lectures and distributing Islamic books in the native language of the country where they are conducting this activity, in addition to utilizing other means available to them. But first and foremost, the propagators should be the model of virtue and should lead by example so that others will accept their message and follow in their lead. May God grant you success and reward your efforts.

Peace be on you and the mercy of God and His blessings,

Haidar/193

Director of the Da'wah office in America
(signatory)
Khalid bin Ibrahim Al-Suwaylim

Number: 516    date: 16/11/1416 A.H.    Attachments: (Blank)

---

**Translator's note:**

- **The Islamic date 16/11/1416 A.H. corresponds to March 31, 1996 in the Gregorian calendar.**

1



*Kingdom of Saudi Arabia*

*IFTA Office*

*Washington, D.C.*

المملكة العربية السعودية

وزارة الشؤون الإسلامية والأوقاف والدعوة والإرشاد

مكتب الدعوة بأمريكا

601 New Hampshire Ave., N.W. Washington, D.C. 20037 • Tel.: (202) 342-3700 • Fax: (202) 944-3192

فضيلة الداعية/                                    وفقه الله

السلام عليكم ورحمة الله وبركاته.        أما بعد :

فتمثل دعوة غير المسلمين إلى الإسلام في البلاد غير الإسلامية أهمية بالغة نظرا لأنهم أصحاب البلاد ، فمنهم الطبيب والمهندس والطيار وغيرهم ، وبدخولهم إلى الإسلام تكسب الدعوة قوة لايستهان بها في البلاد ، وقد أغفل هذا الأمر إلى حد ما في بعض البلاد حيث اقتصرت الدعوة على المسلمين فقط . فيجب على الدعاة القيام بالدور الدعوي على الوجه الأكمل بتعميم الدعوة وعدم قصرها على فئة أو طائفة معينة وذلك عن طريق المحاضرات وتوزيع الكتاب الإسلامي بلغة البلد وغيرها من الوسائل المتاحة لكم، وقبل ذلك كله أن يكون الدعاة قدوة صالحة يفعلون مايقولون حتى يقبل منهم مايدعون إليه ويستجاب لمايطلبونه . وفقكم الله وسدّد جهودكم.

والسلام عليكم ورحمة الله وبركاته . ،،،،،

عبرر/١٩٣

مدير مكتب الدعوة في أمريكا

خالد بن إبراهيم السويلم



الرقم : ٥١٦          التاريخ : ١٦ /١١/ ١٦١٦          المشفوعات :

MONTAG & NADALIN LLP
P.O. Box 124801
San Diego, CA 92112

Jonathan D. Montag, Esq.
Cal. Bar 174822



FILED

MAR 2 8 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY
DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 03-CR-3433-JAH |
| Plaintiff, | |
| | DECLARATION OF OFFER OF PROOF BY JONATHAN D. MONTAG, PROPOSED |
| vs. | DEFENDANT EXPERT WITNESS |
| OMAR ABDI MOHAMED, | Judge: Honorable John A. Houston |
| | Courtroom: 11 |
| Defendant. | Date: March 21, 2005 |
| | Time: 9:00 a.m. |

I, JONATHAN D. MONTAG, attest to and declare the following as true:

1. I am an attorney, duly licensed to practice law in the State of California and the United States District Court for the Southern District of California, and have practiced immigration law for more than 10 years.

2. I attend naturalization interviews approximately every two months. Thus, I have attended an estimated 60 naturalization interviews. I also work appealing naturalization denials.

3. I am on the Editorial Advisory Board for *Immigration Law Today* a monthly publication of the American Immigration Lawyers Association.

4. I am the Chapter President of the American Immigration Law Association's San Diego Chapter. I have been called to give public lectures for the American Immigration Law Association at three of their annual national conferences.

5. I have been requested to testify as an expert in other cases, some of which I have declined,



because I did not believe the case I was asking to support was justified.

6. I was contacted by Attorney Mahir Sherif regarding the case of United States v. Omar Abdi Mohamed, case number 03-CR-3433.

7. Mr. Sherif informed me of the nature of the case, provided me with case information such as the indictment, videotapes of the defendant's naturalization interview, transcript of the interview, and the defendant's N-400.

8. I reviewed this information and discussed this information with Mahir Sherif and his staff.

9. I believe I am informed of all pertinent information in this case and from this I have developed an opinion on this case.

10. I am prepared to testify to this opinion, and if called to testify, I would testify to the following:

     a. That there are standards and procedures within the Immigration and Naturalization Services (INS), which agents and officers are to follow when conducting a naturalization interview.

     b. That these standards and procedures are codified in Title 8 section 335.2 of the Code of Federal Regulations.

     c. That in this case, Special Agent Steven Schultz, and Officer Kurt Klingerman were present at defendant's naturalization interview.

     d. That their presence is unusual and indicates that there was a criminal investigation against the defendant at the time of the interview as Mr. Schultz is not a naturalization examiner and Officer Klingerman in recent years interviews aliens only in difficult and problematic cases.

     e. That the videotaping of a naturalization interview, while permitted, is also highly unusual.

     f. That the alleged false statements Defendant made during his naturalization interview would have rise to a basis or appropriate grounds upon which the agent could deny naturalization in order for them to affect a decision within the INS (the decision being to deny naturalization).

g. That in order to affect an immigration officer's decision to deny naturalization the alleged false statements by Defendant regarding the Western Somali Relief Agency funds received, that it existed in name only, and had insufficient funds to send 2 boxes of clothing to Somali, would need to be connected with criminal or terrorist activity, fraud, or acts that show bad moral character.

h. Unless the government could show involvement in criminal or terrorist activity, fraud, or bad moral character in connection with the Western Somali Relief Agency, his receiving money would not be a basis upon which a denial of naturalization could be properly made.

i. That in order to affect an immigration officer's decision to deny naturalization the alleged omission by the defendant regarding his work with the Kingdom of Saudi Arabia would need to be connected with criminal activity, fraud, or acts that show bad moral character.

j. Unless the government could show involvement in criminal or terrorist activity, fraud, or bad moral character by the defendant in connection with his work with the Kingdom of Saudi Arabia, his omission of information would not be a basis upon which a denial of naturalization could be properly made.

k. That in order to affect an immigration officer's decision to deny naturalization the alleged false statement by defendant regarding working for an employer, Masjidul Taqwa, would need to be connected with criminal or terrorist activity, fraud or acts that show bad moral character..

l. Unless the government could show involvement in criminal activity, fraud or acts that show bad moral character, his descriptions of his understanding of his work relationship with the Masjidul Taqwa would not be a basis upon which a denial of naturalization could be properly made.

m. That in the case of the Masjidul Taqwa:

i. the employer is the entity who petitions to bring an employee to the United States for work under a special religious worker's visa.

ii. That it is the employer who swears to all of the documents they submit in their petition to sponsor an employee under a special religious worker's visa.

iii. That the only time the employee makes an attestation regarding his intent to come to the United States and work for this sponsoring employer is to a United States Consular Officer in the foreign country they are coming from.

iv. That if the employee when making this attestation at the United States Consulate had every intent of coming to work for the employer at this time, that this employee then had no part in any possible fraud on the part of the employer.

v. That once the employee enters the United States and is granted a permanent residence visa, that this status does not require the employee to actually continue working for the sponsoring employer.

vi. That if the sponsoring employer discharges the employee or has no work for the employee, the employee thereafter has no affirmative duty to then leave the country or report this to immigration officials.

n. That in order to affect an immigration officer's decision to deny naturalization the alleged false statement by Defendant that he did not affirmatively state the existence of an eighth child would need to be then connected to criminal or terrorist activity, fraud, or bad moral character, such as being a polygamist, failing to pay child support, or as an indication that he did not reside in the United States for the requisite period to naturalize..

o. Unless the government could show involvement in criminal or terrorist activity, fraud or acts that show bad moral character such as evidence of polygamy, lack of paying child support, or failure to meet residence requirements, there would be no basis for denying naturalization.

p. That in my opinion it is the duty of the immigration officer to make corrections on an applicants N-400 application when the applicant provides him with additional, new, or corrected information.

q. That in my opinion it is the duty of the immigration officer to explain to an applicant who was represented by counsel that he has the right to such representation through the presence of counsel at his interview and that the interview would be postponed if he wanted to have an attorney present.

11. In addition, I would testify as requested by either party or the court in this case as questions arise in the course of my trial testimony.

12. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief.

Dated: _3-25-2005_

By: _____

Jonathan D. Montag

02/18/04

Imam
Fardan

"MAHMOUD" - Met him at Winona Gardens
Conducted religious teachings (Arabic/Somali)
They also wanted KHADIIB to teach at WG

Agreement (verbal) was that Somalis would
provide salary/housing - he would be
obligated to teach at MJT

Met with 2 times (OK) said he was not establishe
30 minutes
1 time praying at the MJT - in 2-3 yrs

Does not remember letter - letter is not true -
signature looks like "mine" - does not remember
going to notary



①

②

③

In early 90s were visited by (Somali)
Imam (and 5 or 6 others). Due to interest
of Mas. Taqwa for Arabic instruction
the Somali presented OAM. Imam
short, blu/gry eyes, no beard approx 37-40
(Garden) Winona Village = Filled out paperwork - paid
fees - Somalis provided the housing - Visited
Mas Taq, - Lived at 50th a (Univ of) Winona - Visit
Mas Taq a total of 3 times - Never worked at
(1998 last time)
Mas Taq - Never mentioned that he was paid by
SA

264 3004
Wali

02/18/04

Imam
Fardan

"MAHMOUD" - Met him at Winona Gardens
Conducted religious teachings (Arabic/Somali).
They also wanted KHADIIB to teach at WG

Agreement (verbal) was that Somalis would
provide salary/housing - he would be
obligated to teach at MIT

30 minutes
Met with 2 times (OK) said he was not established
1 time praying at the MIT - in 2-3 yrs

Does not remember letter - letter is not true-
signature looks like "mine" - does not remember
going to notary



/02/02

①

②

③

(Garden)

In early 90s were visited by (Somali)
Imam (and 5 or 6 others). Due to interest
of Mas. Tagwa for Arabic instruction
the Somali presented OAM. Imam
short, blu/gry eyes, no beard - approx. 37-40
Winona Village - Filled out paperwork - paid
fees - Somalis provided the housing - Visited
Mas Tag. - Lived at 50th a Univ or Winona - Visite
Mas Tag a total of 3 times - Never worked at
(9?8 last time)
Mas Tag. - Never mentioned that he was paid by
SA

264 3004
Wali

02/18/04

Imam
Fardan

"MAHMOUD" - Met him at Winona Gardens
Conducted religious teachings (Arabic/Somali)
They also wanted KHADIIB to teach at WG

Agreement (verbal) was that Somalis would
provide salary/housing - he would be
obligated to teach at MJT

30 minutes
Met with 2 times (OK) said he was not establishe
1 time praying at the MJT - in 2-3 yrs

Does not remember letter - letter is not true-
signature looks like "mine" - does not remember
going to notary



① 

②

③

(Garden)

In early 90s were visited by (Somali)
Imam (and 5 or 6 others). Due to interest
of Mas. Tagwa for Arabic instruction
the Somali presented O.A.M. Imam
short, blu/gry eyes, no beard - approx 37-40
Winona Village = Filled out paperwork - paid
fees - Somalis provided the housing - Visited
Mas Taq - Lived at 50th & Univ or Winona - Visit
Mas Taq a total of 3 times - Never worked at
(1998 last time)
Mas Taq - Never mentioned that he was paid by
SA

264 3004
Wali

COURT'S INSTRUCTION NO. _____(3.1)

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

COURT'S INSTRUCTION NO. _____(3.2)

The indictment is not evidence. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt. If it fails to do so, you must return a not guilty verdict.

COURT'S INSTRUCTION NO. _____(3.3)

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

COURT'S INSTRUCTION NO. _____(3.5)

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

COURT'S INSTRUCTION NO. _____(3.6)

The evidence from which you are to decide what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits which have been received into evidence; and

    (3) any facts to which all the lawyers have stipulated.

COURT'S INSTRUCTION NO. ____(3.7)

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

COURT'S INSTRUCTION NO. _____(3.8)

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. _____(3.4)

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

COURT'S INSTRUCTION NO. _____(3.9)

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness' memory;

3. the witness' manner while testifying;

4. the witness' interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness' testimony;

6. the reasonableness of the witness' testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

COURT'S INSTRUCTION NO. ___(4.17)

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as yo think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

COURT'S INSTRUCTION NO. _____ (4.18)

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

COURT'S INSTRUCTION NO. ___

You heard evidence concerning the Global Relief Foundation and the Al-Haramain Foundation. You may consider this evidence for two purposes only. First, if you find the defendant made a false statement, you may consider the evidence in evaluating the defendant's motive for making such a false statement. Second, if you determine that the defendant made a false statement, you may consider this evidence to evaluate whether such a false statement was material. You are hereby cautioned not to allow any reference to terrorism to cause you to make a decision in this case based on emotion or passion. Instead you should carefully examine the charges against the defendant, the facts of the case and make your decision accordingly.

COURT'S INSTRUCTION NO. ___

In a criminal trial, sometimes the proof at trial differs from that which is listed in the indictment.  As the fact-finders of this case, it is solely up to you to decide 1) what false statement the defendant made, if any, and 2) whether the false statement was material, with all of you agreeing on both the false statement and its materiality.  It is not a defense to claim that the defendant's words in the indictment do not match exactly the proof at trial.   However, you may consider any differences in evaluating the government's proof and the credibility of their witnesses.

COURT'S INSTRUCTION NO. _____(3.10)

You are here only to determine whether the defendant is guilty or not guilty of the charge[s] in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

COURT'S INSTRUCTION NO. _____(3.20)

The evidence you are to consider is only that provided through the official court interpreters.  Although some of you may know the non-English language used, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in the English interpretation.  You must disregard any different meaning of the non-English words.

COURT'S INSTRUCTION NO. _____(3.12)

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

COURT'S INSTRUCTION NO. ___

The defendant is charged in Counts 1,3,5 and 7 of the indictment with false statement with respect to an immigration document in violation of Section 1546(a) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made or subscribed as true a false statement;

Second, the defendant acted with knowledge that the statement was untrue;

Third, the statement was material to the Immigration and Naturalization Service's activities or decision;

Fourth, the statement was made under oath; and

Fifth, the statement was made with respect to an application required by immigration laws or regulations prescribed thereunder.

A statement is material if it is capable of affecting or influencing a governmental decision.  It need not have actually influenced the agency decision in order to meet the materiality requirement.

COURT'S INSTRUCTION NO. ___

The defendant is charged in Counts 2,4,6 and 8 of the indictment with making a false statement under oath in a proceeding relating to naturalization in violation of Section 1015(a) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement;

Second, the defendant acted with knowledge that the statement was untrue;

Third, the statement was made under oath; and

Fourth, the statement was made in any case, proceeding, or matter relating to naturalization.

COURT'S INSTRUCTION NO. __

The defendant is charged in Count 9 of the indictment with fraud in the use of an immigration document in violation of Section 1546(a) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed an alien registration receipt card; and

Second, the defendant knew the document was procured by means of any false claim or statement or to have been otherwise procured by fraud or unlawfully obtained.

COURT'S INSTRUCTION NO. ___

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake or accident.   You may consider evidence of the defendant's words, acts or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

COURT'S INSTRUCTION NO. ___(7.1)

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

COURT'S INSTRUCTION NO. ___(7.3)

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

COURT'S INSTRUCTION NO. ___(7.4)

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

COURT'S INSTRUCTION NO. ___(7.6)

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

COURT'S INSTRUCTION NO. ___(7.2)

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

COURT'S INSTRUCTION NO. ___(7.5)

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.