USDC SCAN INDEX SHEET










```
JPP     10/27/05    9:20
3:03-CR-03433   USA V. MOHAMED
*173*
*CRMEMSUP.*
```

Mahir T. Sherif (SB# 135021)
3376 30th Street
San Diego, CA 92104
Telephone: (619) 297-4444
Facsimile: (619) 297-4115

Attorney for Defendant, Omar Abdi Mohamed



UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA
(Judge John A. Houston)

| | |
|---|---|
| UNITED STATES, | Case No. 03CR3433JAH |
| Plaintiff, | |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S RULE 29(b) MOTION FOR ACQUITTAL** |
| OMAR ABDI MOHAMED, | |
| Defendant. | |

Defendant moves under Federal Rule of Criminal Procedure 29(b) for acquittal on counts 3, 4, and 5 of the revised indictment.

**Legal Standard**

Test for determining whether to grant motion for judgment of acquittal under Rule 29 is whether at time of motion, viewing evidence in light favorable to government, there is relevant evidence from which jury can reasonably find accused guilty beyond reasonable doubt of each element of crime charged. United States v. Brandon, 633 F2d 773 (9th Cir. 1980).

**Counts three and four**

*A. The elements of the crimes*

The elements in count three are as follows: [1] the defendant made a false statement, [2] he knew it was false when he made it, [3] the statement was material, and [4] the statement was

in connection with a required immigration application. The elements in count four are: [1] false statement, [2] knowing it's false, [3] in an ICE proceeding.

The alleged false statement in both counts is that the defendant was an employee of the Masjidul Taqwa from August 1, 1995 until February 2, 1997. Both counts require the government to present evidence this is false beyond a reasonable doubt.

*B. The Government's evidence that the statement was false*

One government witness testified on the issue of whether the defendant was so employed. The witness was Wali T. Fardan (Fardan), Imam of Masjidul Taqwa. On redirect, Fardan testified about a letter he signed which read that the defendant was currently working, and had worked at Masjidul Taqwa since August 1, 1995, per an original INS petition. Fardan testified he believed the statement was true. On cross examination, Fardan testified that the Board of Directors of Masjidul Taqwa had discussed the contents of the letter and agreed with the contents. Thus the government's evidence on the issue of falsity is [1] Fardan's testimony that he believes it true that the defendant worked at Masjidul Taqwa, and [2] Fardan's testimony that the Masjidul's Board of Directors believe it is true that defendant worked at Masjidul Taqwa.

Rule 29(b) requires the Court to resolve credibility issues in favor of the government. So we assume Fardan is credible; then the defendant worked for Masjidul Taqwa. To say the government has submitted insufficient evidence of falsity it stretching it. The government has submitted no evidence of falsity. To the contrary, Fardan, their witness, testified that it was true that the defendant worked for Masjidul Taqwa.

Because, resolving all questions in favor of the government's evidence, no reasonable juror can find falsity beyond a reasonable doubt from Fardan's testimony, the defendant should be acquitted of counts three and four.

**Count Five**

The elements of count five are: [1] the defendant possessed a green card, [2] the green card was procured by fraud, and [3] the defendant knew it had been procured by fraud.

The government has introduced sufficient evidence that the defendant possessed a green card. The issue is fraud. The defendant came to possess the green card by a special religious

worker visa. The government's theory is that when he received the green card to work at Masjidul Taqwa, he was not intending to work at the Masjidul Taqwa (or alternately, if Masjidul Taqwa didn't intend the defendant to work, and the defendant knew it).

*The government's evidence on count five*

Again, Fardan is the government's only witness on this issue. Fardan testified that Masjidul Taqwa intended to employ the defendant (indeed Fardan went on to say Masjidul Taqwa did employ the defendant). Since Fardan testified to no lack of intend to employ the defendant on his part, there is no knowledge of fraud to be inferred as to the defendant. In other words, if there is no scam, the defendant cannot be a part of it or know of it.

**Conclusion**

Fardan is the government's only witness on the issues of the defendant's employment at Masjid Taqwa. Fardan testified that the Masjidul Taqwa intended the defendant to come work for Masjidul Taqwa. The defendant came to the United States while Masjidul Taqwa had this intent. Finally, Fardan testified during redirect that defendant worked for Masjidul Taqwa beginning August 1, 1995, and was still working for the Masjidul on November 19, 1996.

No reasonable jury could conclude that testimony by government witness Fardan that the *defendant was an employee* proves beyond a reasonable doubt that the defendant was not an employee. Also no reasonable juror could conclude that Fardan saying he expected the defendant to come and report for work, and that the defendant did come and report for work, proves either the defendant's lack of intent or knowledge of the Masjidul's lack of intent, beyond a reasonable doubt.

Defendant moves for acquittal due to insufficient evidence on counts 3, 4, and 5.

Dated: 6/27/05

Respectfully Submitted,

By: _____
MAHIR T. SHERIF (CA Bar No. 135021)

Attorney for Omar Abdi Mohamed